UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANFORD BURKS,

    Defendant.
                                             /

Case No. 03-80681

Honorable Patrick J. Duggan

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 15, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This matter is before the Court on a "Motion for Habeas Corpus Petition Pursuant to U.S.C. § 2241" filed pro se by Sanford Burks ("Defendant"). Pursuant to this Court's request, the government filed a response to the motion on May 27, 2009. For the reasons set forth below, the Court denies Defendant's motion.

**I. Background**

On July 8, 2003, Defendant was arrested by state law enforcement officials as a felon in possession of a firearm. On July 16, 2003, a federal criminal complaint was filed in this Court on that charge and a federal warrant issued for Defendant's arrest. On July 17, 2003, the state released Defendant to federal custody and then Defendant was released from federal custody on bond. In the months that followed, the government pursued Defendant's federal

charge but Defendant ultimately failed to appear for a December 4, 2003, trial date.

On January 19, 2004, Defendant was again arrested by state law enforcement officials for assault with a dangerous weapon, felon in possession of a firearm, and possession of a firearm while committing a felony ("felony firearm").  Defendant was prosecuted in state court on all three charges.  On June 11, 2004, Defendant was sentenced in state court to two to four years for the assault concurrent with two years, five months to five years for the felon in possession, those sentences to run consecutive with two years for the felony firearm.

While serving his state sentence, Defendant was removed from state custody by writ of habeas corpus ad prosequendum on October 21, 2004.  On August 16, 2006, this Court sentenced Defendant to 76 months for his federal felon in possession charge from July 2003, to be served concurrently with his state sentence.  On August 22, 2006, Defendant was returned to state custody.

On June 24, 2008, Defendant was paroled by the state and released to federal custody. Upon arrival in federal prison, the Board of Prisons ("BOP") prepared a sentence computation report for Defendant.  The report awarded Defendant 154 days of prior custody credit to account for time served between July 8, 2003, and July 17, 2003, and between January 19, 2004, and June 10, 2004.

In his present motion, Defendant argues that the BOP miscalculated his prior custody credits.  Defendant seeks additional credit for the time he served between June 11, 2004, and August 15, 2006.  Defendant also argues that the court should grant him a downward departure on his sentence and that he is entitled to relief because he received ineffective assistance of counsel at sentencing.  The government opposes Defendant's motion.

2

## II. Pre-Sentence Custody Credits

District courts have neither the responsibility nor the authority to determine the number of pre-sentence custody credits owing to a defendant at the time of sentencing. *See United States v. Wilson*, 503 U.S. 329, 333-34, 112 S. Ct. 1351, 1354 (1992). Upon arrival at a federal prison, however, the Attorney General, through the BOP, must administer a defendant's federal sentencean act that requires calculation of the time left to be served. *Id.*, 503 U.S. at 335, 112 S. Ct. at 1355. If, after exhausting administrative review, a defendant disagrees with the BOP's calculations, he or she may seek judicial review by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is undisputed in this case that Defendant has exhausted his administrative remedies.

In regard to calculating the number of pre-sentence custody credits, federal statute provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In this case, Defendant argues that, because his federal sentence is to run concurrent with his state sentence, the BOP erred by failing to give him pre-sentence credit for the time he served from June 11, 2004, to August 15, 2006.

Defendant's argument overlooks the final clause in section 3585(b), which prohibits

credits for pre-sentence custody that has "been credited against another sentence." Defendant's state sentence commenced when he was sentenced in state court on June 11, 2004. From that day forward, the time Defendant served—whether in state or federal custody—was credited toward his state sentence. Section 3585(b), therefore, prohibits the BOP from awarding Defendant credit for the pre-sentence time served from June 11, 2004, until his federal sentence commenced on August 16, 2006. *See, e.g.*, *Willis v. United States*, 428 F.2d 923, 925 (5th Cir. 1971). The fact that Defendant's federal sentence was ordered to run concurrent to his state sentence does nothing to change the application of section 3585(b). *Grigsby v. Bledsoe*, 223 Fed. Appx. 486, 489 (7th Cir. 2007) ("[S]ince he obtained credit for this period from the state, he is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently.").

The four cases relied upon by Defendant fail to support his argument. *United States v. Smith* is distinguishable because, in that case, there was no allegation or evidence that the pre-sentence time at issue had been credited against another sentence. 318 F. Supp. 2d 875, 878 (C.D. Cal. 2004). *Kayfez v. Gasele* presented a complicated and unique factual scenario wherein the defendant's state sentence had been vacated. 993 F.2d 1288, 1289 (7th Cir. 1993). The Seventh Circuit has since acknowledged the limited reach of *Kayfez* and specifically noted that *Kayfez* does not require federal pre-sentence credits for time served after the commencement of a separate state sentence. *Grigsby*, 223 Fed. Appx. at 489. *United States v. Wilson* acknowledged that defendants could not obtain credit for time applied toward other sentences. 916 F.2d 1115, 1119 (9th Cir. 1990), *rev'd on other grounds*, 503 U.S. 329, 112 S. Ct. 1351 (1992). And finally, *Ruggiano v. Reish*, 307 F.3d

4

121 (3d Cir. 2002), was abrogated by the enactment of application note 3(E) to the United States Sentencing Guidelines § 5G1.3 and did not otherwise address the appropriate application of 18 U.S.C. § 3585(b) by the BOP. *See United States v. Destio*, 153 Fed. Appx. 888, 894 n.6 (3d Cir. 2005). Ultimately, the BOP properly calculated Defendant's pre-sentence custody credits and Defendant's motion must be denied.

### III. Downward Departures

Although Defendant's present motion appears to be primarily directed at obtaining pre-sentence custody credits, Defendant also discusses his eligibility for downward departures on his sentence. To the extent that Defendant argues for downward departures, the Court interprets Defendant's motion as one for resentencing pursuant to 18 U.S.C. § 3582(c). That statute provides the Court with limited discretion to modify an otherwise final judgment of sentence. None of the circumstances that would allow the Court to modify Defendant's sentence, however, are present in this case. *See id.* Therefore, the Court denies Defendant's request for a downward departure on his sentence.

### IV. Ineffective Assistance of Counsel

Finally, Defendant argues that ineffective assistance of counsel contributed to the BOP's failure to award him the appropriate number of pre-sentence custody credits. Specifically, Defendant asserts that his counsel was ineffective by failing to inform him that he needed to request credit for his pre-sentence detention at sentencing. Defendant's argument is based on a misunderstanding of the law. The Supreme Court has interpreted 18 U.S.C. § 3585(b) to require the Attorney General, through the BOP, to calculate the number of pre-sentence credits owing to a defendant. *Wilson*, 503 U.S. at 335, 112 S. Ct. at 1355.

5

This Court could not have made such a determination at Defendant's sentencing even if asked to do so. *Id.*, 503 U.S. at 333-34, 112 S. Ct. at 1354. Furthermore, the BOP correctly calculated the number of pre-sentence credits owing to Defendant. Therefore, ineffective assistance of counsel did not cause a problem in the administration of Defendant's sentence.[1]

**V. Conclusion**

Despite Defendant's arguments to the contrary, the BOP correctly calculated the pre-sentence custody credits owing to him under 18 U.S.C. § 3585(b).

Accordingly,

**IT IS ORDERED** that Defendant's motion is **DENIED**.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
Sanford Burks
Federal Detention Center
Box 1000
Milan, Michigan 48160

Terrence R. Haugabook, AUSA

---

[1] Defendant also asserts that the conduct of the United States Attorney's Office and this Court caused his "constitutional rights to be grossly violated." (Def.'s Mot at 5.) Defendant fails, however, to elaborate or cite any authority with regard to these arguments. Having considered Defendant's allegations, the Court concludes that Defendant has failed identify any constitutional violations or present any grounds for relief.