UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANFORD BURKS,

    Defendant.
                                   /

Case No. 03-80681

Honorable Patrick J. Duggan

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 9, 2010.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

This matter is before the Court on a "§ 2241 Motion for Judicial Review of Pre-Sentence Custody Credit Determination" filed pro se by Sanford Burks ("Defendant"). It appears that Defendant originally sent the motion to the Court of Appeals for the Sixth Circuit but, being a "motion" rather than an appeal, it was ultimately docketed in this Court on March 2, 2010. In the motion, Defendant argues that this Court's June 15, 2009, opinion and order erroneously denied a prior motion to correct Defendant's pre-sentence credit calculation that Defendant filed in February 2009. The Court believes that Defendant intended the present motion to be an appeal of the June 15, 2009, opinion and order; because the motion is pending in this Court, however, the Court will construe it as a motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(h)(1) allows parties 14 days after entry of a judgment or order to seek reconsideration thereof.[1] Defendant filed the present motion more than six months after the Court's June 15, 2009, opinion and order.[2] As such, Defendant's motion is untimely and subject to dismissal. Furthermore, motions for reconsideration may only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. E.D. Mich. L.R. 7.1(h)(3). The Court is not to "grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Defendant's present motion merely reiterates his prior arguments and fails to establish a palpable defect in the Court's June 15, 2009, opinion and order.

To the extent that Defendant reasserts his argument that the BOP's pre-sentence credit calculation amounts to a breach of his plea agreement and this Court's order that his federal sentence run concurrent with his pending state sentence, it is clear that he misunderstands the sentencing order. That document provides that Defendant's federal sentence shall "run concurrent to the *undischarged* [state] term of incarceration the defendant is currently serving under Wayne County Circuit Court Docket number 04-1673." (Docket No. 55.) Defendant's federal sentence could not run concurrently with that state sentence until it was

---

[1]The local rules have recently been amended. The relevant rule in effect at the time the Court issued the June 15, 2009, opinion and order provided 10 days within which parties could file motions for reconsideration. Defendant's present motion is untimely under either rule.

[2]Defendant's motion is stamped as being received by the Sixth Circuit on February 4, 2010. As previously noted, the motion was docketed in this Court on March 2, 2010.

imposed—there was no federal sentence to "run" before imposition. But, once Defendant's federal sentence commenced on August 15, 2006, it ran concurrently with the *remainder* of his pending state sentence. In other words, the time Defendant has served since August 15, 2006—whether in state or federal prison—has been counted toward the completion of Defendant's federal sentence. Therefore, there has been no breach of the plea agreement or this Court's sentencing order.

What Defendant is really seeking in this and his prior motion, rather than the concurrent running of his state and federal sentences, is credit for time served *before* his federal sentence commenced. This Court previously analyzed the appropriate application of 18 U.S.C.A. § 3585(b)—the statute governing calculations of prior custody credit—to Defendant's case and Defendant has provided no basis for this Court to revisit those issues now on an untimely motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Defendant's motion is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Sanford Burks
31799-039
FCI-Beckley
PO Box 350
Beaver, WV 25813

Terrence R. Haugabook, AUSA