UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

Case No. 03-80681
Honorable Patrick J. Duggan

v.

SANFORD BURKS,
    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 14, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is currently before the Court for a decision as to whether Defendant Sanford Lavelle Burks should be granted a certificate of appealability. For the reasons stated below, the Court declines to issue a certificate of appealability.

### I. Background

On November 7, 2005, Defendant pleaded guilty before this Court to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 15, 2006, the Court sentenced Defendant to imprisonment for a term of 76 months. The Court's sentencing order provided that Defendant's sentence would "run concurrent to the undischarged [state] term of incarceration he was serving under Wayne County Circuit Docket Number 04-1673." Docket No. 55.

On February 27, 2009, Defendant filed a *pro se* "Motion for Habeas Corpus Petition Pursuant to U.S.C. § 2241." In his motion, Defendant sought recalculation of his prior

custody credits, arguing that he was entitled to credit for time served before the imposition of his federal sentence. The Court denied his motion in an opinion and order dated June 15, 2009, concluding that federal statute prohibits credit for pre-sentence custody that has been credited against another sentence. 18 U.S.C. § 3585(b). Because Defendant's pre-sentence custody was credited toward his state sentence, custody credit could not be applied to his federal sentence.

Defendant filed a *pro se* "§ 2241 Motion for Judicial Review of Pre-Sentence Custody Credit Determination" with the Sixth Circuit Court of Appeals on February 4, 2010. Because the document was titled a "motion" rather than an appeal, it was docketed in this Court on March 2, 2010. Defendant raised the same argument for having his custody credit recalculated. The Court construed Defendant's filing as a motion for reconsideration, and denied the motion in an opinion and order dated April 9, 2010. The Court determined that Defendant had erroneously interpreted his sentencing order, which stated that his federal sentence would run concurrent to the "undischarged" term of incarceration. The Court therefore found no breach of Defendant's plea agreement.

On April 30, 2010, Defendant filed a petition for extraordinary relief with the Sixth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 21, seeking review of the Court's April 9, 2010 order. The Clerk of the Court construed the petition as an appeal of that order. In a letter dated October 5, 2010, Case Manager Scott J. Swearingen of the Sixth Circuit Court of Appeals requested that the district court issue an order either granting or denying a certificate of appealability in this matter.

## II. Discussion

"In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court[,] . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to demonstrate that "reasonable jurists could debate" the court's resolution of the matter. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000).

After careful review, the Court concludes that reasonable jurists would not debate the denial of Defendant's motion. Federal statute expressly prohibits custody credit where a prisoner's custody has been credited against another sentence. 18 U.S.C. § 3585(b). Defendant does not dispute that his custody prior to federal sentencing was credited against his state court sentence. Under these facts, Defendant is clearly not entitled to custody credit for his federal sentence. Defendant has failed to make a substantial showing of the denial of a constitutional right.

Accordingly,

The Court **DECLINES** to issue a certificate of appealability.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Sanford Lavelle Burks, #31799-039
FCI Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813
Terrence Haugabook, A.U.S.A.